UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARGARET WHITEHEAD,

        Plaintiff,

                                    CASE NO. 15-CV-13702
v.                                    HONORABLE JOHN CORBETT O'MEARA

TRACY AMMY, MARIBETH L. ZELLER,
and DR. JACKSON,

        Defendants.
_____/

## ORDER OF DISMISSAL

### I. Introduction

Plaintiff Margaret Whitehead, a fifty-one-year-old state prisoner at the Women's Huron Valley Correctional Facility in Ypsilanti, Michigan, has filed a *pro se* complaint under 42 U.S.C. § 1983. The defendants are: parole agent Tracy Ammy of Grand Rapids, Michigan; Maribeth L. Zeller, an administrative law examiner for the Michigan Department of Corrections in Lansing, Michigan; and Dr. Jackson, a male physician at the Women's Huron Valley Correctional Facility. The complaint and exhibits indicate that the police arrested Plaintiff for assault and battery on April 8, 2015, and took her to the Kent County Jail. On April 24, 2015, Plaintiff pleaded guilty in state district court to the reduced charge of creating a disturbance. The state trial court sentenced Plaintiff to sixteen days in the Kent County Jail with credit for time served.

Plaintiff was a parolee at the time she committed the crime, and, as a result of the conduct leading to her conviction, defendant Tracy Ammy charged Plaintiff with violating the conditions of parole. Following a parole violation hearing on July 24, 2015,

defendant Maribeth L. Zeller found Plaintiff guilty of violating two conditions of parole. On August 28, 2015, the Michigan Parole Board revoked Plaintiff's parole and sent her to prison for a term of eighteen months.

Plaintiff claims that she is being kept in prison in violation of her constitutional rights because she has already served her sentence for creating a disturbance. She also alleges that she is being treated differently from white parolees. She seeks money damages, release from prison, dismissal of the charges against her, and a clean record.

As for Dr. Jackson, Plaintiff alleges that she and Jackson have a difference of opinion about her state of mind and that Jackson does not seem to understand women like her who are going through a change of life or experiencing PMS. Plaintiff wishes that she had a female doctor because Dr. Jackson "is a little out of touch about women['s] issues."

## II. Legal Framework

Federal district courts are required to screen a prisoner's complaint and to dismiss the complaint or any portion of it if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In determining whether a prisoner has failed to state a claim, courts construe the prisoner's complaint in the light most favorable to him or her, accept the factual

allegations as true, and determine whether the prisoner can prove any set of facts that would entitle him or her to relief. *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

### III. Analysis

#### A. The Challenge to Plaintiff's Incarceration

Plaintiff's complaint is frivolous and fails to state a claim because it challenges her incarceration. When, as here, "a state prisoner is challenging the very fact or duration of [her] physical imprisonment, and the relief [she] seeks is a determination that [she] is entitled to immediate release or a speedier release from that imprisonment, [her] sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, Plaintiff's challenge to her imprisonment is "cognizable only in federal habeas corpus, with its attendant requirement of exhaustion of state remedies." *Id.* at 499 n.14. Furthermore,

> to recover damages for allegedly unconstitutional conviction or

> imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote omitted)(emphasis in original). *Heck* and progeny,

> taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Plaintiff has not alleged that the decision to revoke her parole was invalidated by state officials or called into question by a federal court's issuance of the writ of habeas corpus, and success in this action would necessarily demonstrate the invalidity of her re-incarceration. Therefore, she is barred from challenging the parole-revocation decision in this civil rights action. *Miskowski v. Martin*, 57 F. App'x 246, 248 (6th Cir. 2003).

### B. Parole Agent Ammy and Administrative Law Examiner Zeller

Plaintiff's complaint fails to state a claim for additional reasons. Defendant Tracy Ammy enjoys immunity from suit for her role in the parole revocation matter. *See Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005) (stating that "those who make recommendations concerning parole . . . enjoy absolute immunity" from liability for their conduct). And defendant Maribeth L. Zeller enjoys absolute immunity for her role as an

4

administrative law examiner. *King v. Caruso*, 542 F. Supp. 2d 703, 728 (E.D. Mich. 2008) (citing *Shelly v. Johnson*, 849 F.2d 228 (6th Cir. 1988) (holding that professional hearing officers employed by the Michigan Department of Corrections are entitled to absolute judicial immunity in a § 1983 civil rights action brought by a prisoner)). Thus, Plaintiff is not entitled to money damages from defendants Ammy and Zeller.

### C. Dr. Jackson

To prevail on her Eighth Amendment claim against Dr. Jackson, Plaintiff must show that Dr. Jackson was deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

> An Eighth Amendment claim has an objective component and a subjective component. *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). The objective component requires a plaintiff to prove a "sufficiently serious" medical need, and the subjective component requires a plaintiff to prove that the doctors had a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (internal quotation marks omitted).

*Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013). A "sufficiently serious medical need"

> is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention," *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (internal quotation marks omitted).

*Id.*

> The subjective component [of an Eighth Amendment claim] requires a plaintiff to prove that the doctors had a "sufficiently culpable state of mind," equivalent to criminal recklessness. *Farmer,* 511 U.S. at 834, 839–40, 114 S.Ct. 1970 (internal quotation marks omitted).

*Id.* at 591.

Plaintiff has not satisfied either prong of an Eighth Amendment claim. Although

5

she claims to be experiencing "PMS" and "change of life," she has not alleged any serious symptoms associated with those conditions. Nor has she demonstrated that Dr. Jackson had a sufficiently culpable state of mind when he met with her. She contends that Dr. Jackson does not seem to understand women's health issues and that she and Dr. Jackson do not agree on medical issues, but a mere "difference in opinion between a prisoner and the medical staff about treatment does not state a cause of action." *Kirkham v. Wilkinson*, 101 F. App'x 628, 630 (6th Cir. 2004). And "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Gamble*, 429 U.S. at 106. The Court concludes that Plaintiff has failed to establish a violation of her rights under the Eighth Amendment.

## IV.  Conclusion

For the reasons given above, Plaintiff's complaint is frivolous, fails to state a plausible claim for which relief may be granted, and seeks money damages from defendants who are immune from such relief. The Court therefore summarily dismisses the Court under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court also certifies that an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).


                                            s/John Corbett O'Meara
                                            United States District Judge

Date:  January 6, 2016

      I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 6, 2016, using the ECF system and/or ordinary mail.

                                                           s/William Barkholz
                                                         Case Manager